UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMAS ALVAREZ and ERIKA AQUINO,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITOL DRYWALL, INC., EAST COAST DEVELOPERS, LLC and GABRIEL MONTECINOS,<br><br>Defendants. | Case No. 18-cv-02540-DLF |

**JOINT MOTION FOR COURT TO APPROVE SETTLEMENT AGREEMENT
WITH POINTS & AUTHORITIES**

Through undersigned counsel, Plaintiffs Tomas Alvarez and Erika Aquino (collectively "Plaintiffs") and Defendant Capitol Drywall, Inc. ("Defendant Capitol Drywall") (collectively, the "Parties") respectfully pray the Court approve the Settlement Agreement (attached as Exhibit A) that they have reached in this case. A Proposed Order is included herewith. In support thereof, the Parties state as follows.

1. This case concerns Plaintiffs' claims to recover unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and other relief as appropriate under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001 *et seq.* (the "DCMWA"); the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* (the "DCWPCL"); and District of Columbia common law (collectively, the "Claims"). Plaintiffs initiated the suit on November 2, 2018, by filing a complaint, on behalf of themselves and all others similarly situated, asserting the Claims against Defendant Capitol Drywall, Inc., East Coast Developers, LLC, and Gabriel Montecinos.

ECF No. 1 (the "Complaint").  The case was assigned to the Honorable Dabney L. Friedrich, United States District Judge.

2. On December 19, 2018, Defendant Capitol Drywall filed an answer to the Complaint, and asserted crossclaims against East Coast Developers, LLC and Gabriel Montecinos for breach of contract and contractual indemnification.  ECF No. 11.

3. On March 15, 2019, Plaintiffs requested that the Clerk of the Court issue an entry of default against East Coast Developers, LLC and Gabriel Montecinos (the "Other Defendants"), ECF No. 14, and, on March 19, 2019, the Clerk of the Court issued an entry of default against them both, ECF Nos. 16-17.

4. Plaintiffs filed an amended complaint on October 15, 2019, which again asserted the Claims against Defendant Capitol Drywall and the Other Defendants, and removed any reference to bringing the Claims on behalf of all others similarly situated.  ECF No. 26 (the "Amended Complaint").

5. On October 29, 2019, Defendant Capitol Drywall answered the Amended Complaint and denied Plaintiffs' Claims, and asserted crossclaims against East Coast Developers, LLC and Gabriel Montecinos for breach of contract and contractual indemnification.  *See* ECF No. 27.

6. The discovery period commenced on November 12, 2019, during which the Parties propounded and responded to numerous discovery requests.  *See* ECF No. 28.

7. During the discovery period, the Parties engaged in settlement discussions.  The Parties reached a settlement in principle on March 17, 2020, to resolve all claims in this case against Defendant Capitol Drywall, without any admission of wrongdoing or impropriety on the part of Defendant Capitol Drywall.  On March 19, 2020, the Parties filed a Joint Motion to Stay Deadlines Pending Settlement Finalization.  ECF No. 33.  This Court granted the motion on March 23, 2020.

On April 20, 2020, the Parties filed a Joint Motion to Stay Deadlines pending the Parties' execution of the finalized settlement agreement. ECF No. 34. This Court granted the motion on April 20, 2020.

8. As a result of the Parties' settlement discussions, the Parties have entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit A. Both Parties are represented by counsel, who have reviewed and approved the Settlement Agreement with their clients.

9. The Parties now seek approval of their settlement.

10. The D.C. Circuit has not determined whether judicial approval is required of FLSA settlements, *see Sarceno v. Choi*, 78 F. Supp. 3d 446, 449 (D.D.C. 2015), but this Court has provided judicial approval to FLSA settlements in the past. *See*, *e.g.*, *id.* at 450-51; *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 129 (D.D.C. 2014).

11. An FLSA settlement should be approved if it resolves a *bona fide* dispute, that is, if the proposed settlement reflects a reasonable compromise over contested issues, rather than a mere waiver of the plaintiffs' rights. *Sarceno*, 78 F. Supp. 3d at 450-51; *Carrillo*, 51 F. Supp. 3d at 129; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court looks at the totality of circumstances to determine whether an FLSA settlement is fair, reasonable, and adequate, including whether the settlement is the product of (1) overreaching by the employer or (2) negotiation at arm's length. *Sarceno*, 78 F. Supp. 3d at 451; *Carrillo*, 51 F. Supp. 3d at 132.

12. There is a strong presumption in favor of finding the settlement fair. *Carillo*, 51 F. Supp. 3d at 133; *Sarceno*, 78 F. Supp. 3d at 451.

13. Here, the Parties negotiated the Settlement Agreement at arm's length through their respective legal counsel after extensive negotiations and settlement talks throughout the course of

this litigation.  The Parties believe that its terms are a fair and appropriate resolution of their *bona fide* dispute.  The Settlement Agreement provides each Plaintiff: (1) the actual amount of unpaid wages claimed, plus (2) treble damages as provided for by DCMWA § 32-1012(b)(1).  These damages total to $9,728 in combined damages for the Plaintiffs—*i.e.*, $6,688 total damages to Plaintiff Tomas Alvarez and $3,040 total damages to Plaintiff Erika Aquino.  The total amounts distributed adequately compensate Plaintiffs.

14. Additionally, the Settlement Agreement provides $5,272 in attorneys' fees and costs to Plaintiffs' counsel.  This amount is less than the total $15,000 paid by Defendants to Plaintiffs in this action under the Settlement Agreement.  And, according to Plaintiffs, this amount is significantly less than what Plaintiffs' counsel would have sought in a fee petition had the Parties litigated this case to its completion.  Indeed, Plaintiffs' counsel aver that this settlement was enabled in part by Latham & Watkins LLP accepting an amount substantially less than the value of Latham & Watkins LLP's reasonable fees and costs actually incurred, such that there is no conflict of interest between Plaintiffs and their counsel with respect to the Settlement Agreement.

15. The Court will find after scrutinizing the settlement terms that the attached Settlement Agreement is fair and should be approved.  The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

16. Finally, this settlement agreement does not affect Defendant Capitol Drywall's crossclaims, indemnity rights or any other rights it has against the Other Defendants.

17. The Parties shall make themselves available to schedule a conference with the Court should the Court consider one necessary in order to resolve any issues pertaining to the requested approval.

WHEREFORE, the Parties request that this Court:

(1) Grant this Joint Motion to Approve Settlement Agreement;

(2) Approve the Settlement Agreement attached as Exhibit A as a fair and reasonable resolution of the Parties' bona fide dispute; and

(3) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Kevin Metz*
Kevin Metz, D.C. Bar No. 494087
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
kevin.metz@lw.com

Daniel A. Katz, D.C. Bar No. 447442
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street, NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 319-1000 ext. 135
Facsimile: (202) 319-1010
Daniel_Katz@washlaw.org

*Counsel for Plaintiffs*

and

*/s/ Lawrence M. Prosen*
Lawrence M. Prosen, D.C. Bar No. 457703
Krystalyn Kinsel, D.C. Bar No. 1616364
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005
Telephone: (202) 481-9940
Facsimile: (202) 204-5628
lprosen@kilpatricktownsend.com
kkinsel@kilpatricktownsend.com

Dated: May 8, 2020

*Counsel for Defendant Capitol Drywall, Inc.*